LENKE MAROT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90307. Filed May 4, 1961.

*Gabriel T. Pap, Esq.,* for the petitioner.
*Andrew S. Coxe, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $329.92 in the income tax of the petitioner for 1959. The only error assigned is the action of the Commissioner in disallowing $1,051.51 described as "Transportation expenses." The Commissioner filed a motion for judgment in which he stated that he admitted the truth of the allegations of fact contained in the petition for the purpose of his motion. Counsel for the parties were heard on that motion and they both agreed to submit the case for decision upon the record. The allegations of fact contained in the petition are adopted as the findings of fact.

The petitioner filed her return for 1959 with the district director of internal revenue for the district of Manhattan, New York 17, New York.

The petitioner resided at 10 Marlou Lane, Stamford, Connecticut, and was employed by the Stamford Hospital in 1959 as an electrocardiograph technician doing emergency duty. It is not unusual for an electrocardiograph technician to be on emergency duty. This employment required her to be on call 24 hours a day on weekends and holidays and from 5 p.m. to 8:30 p.m. 7 days a week every other week.

The petitioner, when called, had to travel to the hospital from places "where she happened to be, i.e. from her home, from her shopping, from the beach, from theatres, from concerts, from friends, from the neighboring towns: from Greenwich, from Darien, from Norwalk, from New Canaan, and from other places."

The average distance which she had to travel to the hospital was about 15 to 20 miles. She was not reimbursed for such travel either by the hospital or by the patients whose electrocardiograms she made. The expenses which she thus incurred in travel amounted to $1,051.51 during 1959.

It is obvious that her presence at the places from which she alleges she had to travel to the hospital upon emergency calls, was for her personal reasons and not for any business reasons. At least she has

not proven otherwise. She lived in the same town in which she was employed and was never on any travel status. It has long been held that the expenses of an employee incurred in getting from his residence to his place of business are not deductible as ordinary and necessary business expenses. The case of this petitioner is not, for present purposes, any different because she did not always travel from her residence when called to the hospital. The expenses in question are all personal expenses of getting to her work. *William L. Heuer, Jr.*, 32 T.C. 947, 952, affirmed per curiam 283 F. 2d 865; *Chester C. Hand, Sr.*, 16 T.C. 1410, 1415; *Williard I. Thompson*, 15 T.C. 609, 612.

*Decision will be entered for the respondent.*