Larry N. Kutchinski and Berylene Kutchinski v. Commissioner.
Kutchinski v. Commissioner
Docket No. 1478-66.
United States Tax Court
T.C. Memo 1968-46; 1968 Tax Ct. Memo LEXIS 253; 27 T.C.M. (CCH) 216; T.C.M. (RIA) 68046; March 18, 1968. Filed *253 Larry N. Kutchinski, pro se, 4005 Sanquinet Ct., Fort Worth, Tex. Harold L. Cook, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1962 and 1963 in the amounts of $138.30 and $188.81, respectively. The issues for decision are: (1) Whether petitioner Berylene Kutchinski is entitled to deduct any amount of expense with respect to her automobile as a business expense in connection with her teaching activities, and (2) whether petitioners are entitled to a deduction because of the usage by Berylene Kutchinski of their home and certain furniture and equipment therein for business purposes. Findings of Fact Petitioners, Larry N. Kutchinski and Berylene Kutchinski (hereinafter referred to as Berylene), were during the years 1962 and 1963 husband and wife residing in Fort Worth, Texas, where they also resided at the date of the filing of the petition in this case. Petitioners filed joint Federal income tax returns for the calendar years 1962 and 1963 with the district director of internal revenue at Dallas, Texas. On each of these returns the only income *254 reported by petitioner Larry N. Kutchinski was salary income, and none of the issues in this case involves his income or claimed deductions. On petitioners' joint income tax return for 1962 an amount of $362 was reported as wages received from Brantley Draughn College, Fort Worth, Texas, with Federal income tax withheld of $65.16, and on the joint income tax return filed by petitioners for 1963 an amount of $10 was reported as wages from Brantley Draughn College of Fort Worth, Texas, with $1.80 of Federal income tax withheld, and an amount of $1,140 was reported as wages received from Texas Christian University, Fort Worth, 217 Texas, with Federal income tax withheld of $206.80. The amounts reported in the years 1962 and 1963 from Brantley Draughn College and Texas Christian University represented earnings of Berylene during those years from the teaching of shorthand and typing. On the return for each of the years 1962 and 1963 petitioners reported "Business income (Schedule C)" and in each year attached a form, "Schedule C Profit (or Loss) from Business or Profession." On Schedule C for the year 1962 petitioners reported total gross receipts from business or profession of *255 $1,621.09, and for the year 1963 they reported total gross receipts from business or profession of $2,420.97. The amounts so reported represented payments received by Berylene from the United States Government made with respect to service contracts which she entered into with the United States Government during the years 1962 and 1963 to teach typing, shorthand, business English and business writing to Air Force personnel at Carswell Air Force Base, Fort Worth, Texas. Berylene was an independent contractor with regard to her teaching contract at Carswell Air Force Base and during the years here in issue entered into four to six service contracts for such teaching. Petitioners during the years here in issue and since 1959 resided in a home at 4005 Sanguinet Court, Fort Worth, Texas, which they had purchased. There was a mortgage on the home and during the years here in issue petitioners were making payments on the mortgage. For the year 1962, on their income tax return they deducted interest expense under the designation, "House" of $368.50 and real estate taxes of $212.55, and on their income tax return for the year 1963 deducted under the designation, "Home mortgage" $354.16 and *256 real estate taxes of $216.52. Petitioners' home is approximately 8 miles from Carswell Air Force Base, and Carswell Air Force Base is approximately 10 miles from Brantley Draughn Business College and 10 miles from Texas Christian University. During the years here in issue petitioners owned a 1955 Belair Chevrolet which was their personal automobile and which was also used by Berylene to travel from their home to Carswell Air Force Base and return, and on days when she taught at both Carswell Air Force Base and Brantley Draughn Business College, or on days when she taught at both Carswell Air Force Base and Texas Christian University, to travel from Carswell Air Force Base to the college or university. Sometimes she would travel directly from Carswell Air Force Base to Brantley Draughn Business College or Texas Christian University, and sometimes she would stop by her home after leaving Carswell Air Force Base before going to Brantley Draughn Business College or Texas Christian University. During each of the years here in issue Berylene taught at both Carswell Air Force Base and the college or university on approximately 75 to 100 days. Petitioners' personal residence consists *257 of a living room-dining room combination, kitchen, and three bedrooms. In 1962 petitioners had two sons and about the middle of 1963 a third son was born to them. All three of the bedrooms in petitioners' home were used as bedrooms. However, in one portion of one bedroom which was used as the bedroom of one of petitioners' sons, Berylene kept a desk and a bookcase. She also kept her typewriter and the material which she used in teaching her classes such as books and shorthand notebooks in this room. Berylene sometimes received a business telephone call at her home, but the telephone was not on the desk which she kept in the bedroom of one of the children. Berylene used her typewriter primarily to type up her lesson plans and to type the reports which she had to submit in connection with her work at Carswell Air Force Base. During the year 1963 petitioners expended $40.37 for repair to Berylene's typewriter. Berylene worked up her lesson plans and graded papers for her classes at Carswell Air Force Base and at Brantley Draughn Business College and Texas Christian University at her home. On Schedule C, filed with their joint Federal income tax return for 1962, petitioners claimed *258 total deductions for business expense of $568.76 which consisted of auto expense of $233.46, auto depreciation of $50, auto insurance of $32.90, "house rent alloc." of $53.31, house utilities of $30.96, car tags of $13.46, office furniture of $11.89, office supplies of $53.78, telephone of $36.00, house depreciation of $45.50, and dues of $7.50. They subtracted the $568.76 total expenditures from the receipts of $1,621.09, which were shown as received by Berylene from Carswell Air Force Base, to arrive at a profit of $1,052.33, which they included in 218 their gross income as "Business Income (Schedule C)." On their income tax return for the year 1963, petitioners on Schedule C claimed business expenses of $778.26 which they deducted from the $2,420.97 reported as gross receipts from Berylene's business of teaching at Carswell Air Force Base, arriving at a net profit from Berylene's business of $1,642.71, which they reported on their joint income tax return as "Business Income (Schedule C)." The deductions totalling $778.26 claimed by petitioners consisted of depreciation of $95.50, taxes of $13.46 (car tags), rent on business property of $93.31, repairs of $170.57 (consisting *259 of typewriter repair of $40.37 and auto repair of $130.20), insurance of $32.90, utilities of $38.82, telephone of $65.40, auto expense of $171.14, and supplies of $97.16. Respondent in his notice of deficiency disallowed all of the business expense deductions claimed by petitioners on Schedule C for the year 1962, except the $13.46 claimed as a deduction for auto tags and the $53.78 claimed as a deduction for "office supplies" with the explanation that it had been determined that the automobile expenses incurred by Berylene in traveling from her home to Carswell Air Force Base were not deductible business expenses and that the office expenses such as house rent allocation, house utilities, office furniture, telephone, house depreciation, and dues were not ordinary and necessary business expenses of Berylene. For the year 1963, respondent disallowed the claimed deduction of $95.50 for depreciation, rent on business property of $93.31, repairs of $170.57, insurance of $32.90, utilities of $38.82, telephone of $65.40, and automobile expense of $171.14 with the explanation that petitioners had not shown these items to be ordinary and necessary business expenses as distinguished from *260 personal expenses. Ultimate Facts 1. Petitioners are entitled to a deduction of $40 in each of the years 1962 and 1963 because of the expense incurred by Berylene in driving her personal automobile from her teaching assignment at Carswell Air Force Base to her teaching assignment at Brantley Draughn Business College or Texas Christian University. 2. Petitioners are entitled to deduct in the calendar year 1963 the $40.37 expended by them to repair the typewriter used by Berylene in connection with her business of teaching shorthand, typing, and related subjects. 3. Petitioners have failed to show that any substantial portion of their home was used as an office by Berylene, the expenses incident to any portion of their home so used, or that it was a business necessity for Berylene to use any portion of their home as an office and have also failed to establish that the costs to Berylene of driving from their home to Carswell Air Force Base and return, or if she went from Carswell Air Force Base to another work location, return from that second location was a business, as distinguished from personal, commuting expense. Opinion It has long been settled that the expense of driving *261 to and from work is a personal expense, the cost of which is not deductible by a taxpayer as a business expense. This is true even though the individual taxpayer is an independent contractor as distinguished from strictly an employee. Lenke Marot [Dec. 24,815], 36 T.C. 238 (1961), and William L. Heuer, Jr., 32 T.C. 947 (1950), affirmed per curiam 283 F. 2d 865 (C.A. 5, 1960). As pointed out in William L. Heuer, Jr., supra, the fact that a taxpayer may receive business telephone calls in his home or make other incidental business contacts there is not sufficient to justify a deduction of the expenses of traveling from his home to his first place of employment each day. In fact the very issue present in this case was before this Court in the case of these same petitioners for the year 1961. For the year 1961 these petitioners claimed deductions for traveling expenses by Berylene to and from Carswell Air Force Base where she was teaching in that year under a contract similar to those involved for the years 1962 and 1963. In a Memorandum Opinion [1] we held the transportation expense from her home to Carswell Air Force Base to be *262 a nondeductible personal commuting expense.
The question here is one of fact. Berylene has not shown the expense of driving from her home to Carswell Air Force Base to be a business expense. Although Berylene 219 kept a desk and bookcase in a small part of one bedroom of her home, she has not shown in this case that this was necessary from a business standpoint as distinguished from a personal standpoint of wanting to do as much of her work as feasible at home rather than away from home. No showing has been made in this case that space was not or would not have been, if she desired it, furnished to Berylene at Carswell Air Force Base, Brantley Draughn Business College, and Texas Christian University to work up her lesson plans and grade herr papers. Even if it were necessary for Berylene to do some of her work at home, this fact would not be sufficient under the circumstances shown in this case to make that home an office to the extent that it would be considered her first place of employment each day so that her travel to Carswell Air Force Base would be other than a personal computing expense. *263 Even if Berylene of necessity maintained work space in her home, it was not the first location of her employment each day. However, as we pointed out in William L. Heuer, Jr., supra, any car expense including car depreciation, attributable to traveling from one assignment to another where a person has more than one place of employment in one day is a deductible business expense. In that case, as in this, the record was not sufficient to show with certainty the amount of expense entailed by the taxpayer in traveling from the first to a second place of employment. Since petitioners have shown that Berylene incurred a business expense in traveling from her first to her second place of employment but not with certainty the amount of such expense, we have made an approximation of such expense bearing heavily on petitioners for lack of exactitude. Cohan v. Commissioner [2 USTC 489], 39 F. 2d 540 (C.A. 2, 1930). We have estimated from the meager facts we have that Berylene's expense in each of the years here involved in traveling from Carswell Air Force Base to Brantley Draughn Business College or Texas Christian University was $40 and have accordingly found *264 as an ultimate fact that petitioners are entitled to a deduction of this amount in computing their taxable income. The evidence shows that in one bedroom Berylene Kept a desk and a bookcase and that she did some work at home in this bedroom. There is no showing of the cost of the home in which petitioners lived, its useful life, or any other facts necessary to determine what would be depreciation on the home even if some depreciation should be allocated to the space in which Berylene kept her desk. The evidence does not show the amount of time each day or week or year that Berylene used the room or space in the room for business purposes as compared to the time this room or space was used for personal purposes. Since petitioners paid no rent for their home but owned it, no rent could be deducted by them for the use of desk space by Berylene. The expenses of interest on the mortgage on their home and taxes on the property have been deducted by petitioners. There has been no showing that any portion of the utilities should be allocated to the small space occupied by Berylene's desk in one of the children's bedrooms or that the incidental use of the personal telephone in petitioners' *265 residence would justify allocating any of the cost of the telephone as a business expense. There has been no showing that it was necessary from the standpoint of Berylene's business that she have office space in her home. We have therefore sustained respondent in his disallowance of the items claimed by petitioners as deductions for Berylene's claimed "office space" on the ground of petitioners' total failure to substantiate such claimed deductios. It might be noted that the $11.89 referred to as "office furniture" might possibly be intended to represent depreciation on the desk, typewriter and bookcase, but if so, petitioners have totally failed to so show and we cannot speculate on facts where there is a total absence of evidence on the subject. However, we have concluded that the record does show that the primary use made by Berylene of her typewriter was a business use and that having a personal typewriter for such business use was reasonably necessary in her business. In 1963 Berylene expended $40.37 to repair the typewriter and we have therefore found as an ultimate fact that this $40.37 is deductible by petitioner as an ordinary and necessary business expense of Berylene. *266 The adjustments made by respondent with respect to claimed medical deductions are purely mathematical, resulting from his other adjustments, and a proper recomputation of these deductions may be made in the Rule 50 computation. Decision will be entered under Rule 50. 220 Footnotes
1. Larry N. Kutchinski and Berylene Kutchinski, T.C. Memo. 1965-43↩.