MARGARET GALOTTA SHELDON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1816–67. Filed April 4, 1968.

Margaret Galotta Sheldon, pro se.
*Frank N. Panza*, for the respondent.

DAWSON, *Judge:* Respondent determined the following income tax deficiencies against petitioner:

| Year | Deficiency |
|---|---|
| 1962 | $456. 01 |
| 1963 | 480. 17 |
| 1964 | 518. 94 |

Petitioner alleged no error in her petition with respect to respondent's disallowance of certain deductions claimed for the cost of accident and health insurance and the issue was not raised at trial. It is therefore treated as abandoned. Petitioner has conceded that 40 percent of the automobile expenses deducted during the years 1962 through 1964 were incurred for personal reasons. Consequently, the only issue remaining for decision is whether, in each of the years 1962, 1963, and 1964, the petitioner is entitled to deduct 60 percent of her total automobile expenses as an ordinary and necessary business expense under section 162(a), I.R.C. 1954.[1]

### FINDINGS OF FACT

Some of the facts are stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Margaret Galotta Sheldon (herein called petitioner) resided in Hackensack, N.J., at the time she filed her petition in this proceeding. Her Federal income tax returns for the taxable years 1962, 1963, and 1964 were filed with the district director of internal revenue at Newark, N.J.

Petitioner is a physician specializing in anesthesiology, and is known professionally as Margaret Galotta, M.D. During the years 1962 through 1964 she was a full-time employee of the county of Bergen, N.J., in the Bergen Pines County Hospital as one of its two anesthesiologists. In addition, she was responsible for instituting proper resuscitation to acute cardio-respiratory arrest, barbiturate-poisoning cases, and other respiratory emergencies.

The duty hours of petitioner at the hospital were from 8 a.m. to 4:30 p.m., Monday through Friday. She was also on call for 24 hours every other weekday and for 48 hours every other weekend.

Petitioner was not permitted to maintain an outside medical practice and treated no outside patients. When she was on call it was necessary

---

[1] All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.

for her to report to the hospital upon being notified of the need for her services. Likewise, when on duty, she was not required to stay at the hospital unless a case was scheduled at which her services were required.

Petitioner did not maintain a professional office in her home, saw no patients there, and earned no income from the practice of medicine there during the years 1962 through 1964. However, she did receive telephone calls at her home informing her of the need to report to the hospital on an emergency basis. Upon receiving such calls, she often had to be at the hospital within 10 or 15 minutes.

Petitioner's home was 5 miles from the hospital. She could take a commercial bus to the hospital which made a stop approximately 1½ miles from her home or a special employee bus which ran in the morning and late afternoon. She needed to transfer if she took the special employee bus.

During the years 1962, 1963, and 1964 the petitioner and her family, which included her son and father, had only one automobile.

Petitioner did not use public transportation but drove her own automobile to and from the hospital. She made approximately 15 trips to the hospital each week, 10 of which were made while she was on duty. The remaining 5 trips were made while she was on call, either at night or during the weekend. Since Bergen Pines County Hospital is a county hospital, the surgeons working there were not remunerated during the years 1962 through 1964. They usually did surgery there only when it did not conflict with their regular work, and this often entailed surgery either in the evenings or on Saturdays. Petitioner usually had notice substantially in advance of such operations.

Petitioner incurred automobile expenses in the amount of $1,128.13 in 1962, $1,057.50 in 1963, and $1,203.22 in 1964.

### OPINION

Petitioner contends that she is entitled to deduct 60 percent of her automobile expenses during the years 1962, 1963, and 1964 because the use of the automobile was essential to the performance of her professional services as an anesthesiologist at the Bergen Pines County Hospital. The expenses were incurred in traveling between petitioner's home and the hospital which was her regular, full-time place of employment. Some of the trips were made for regularly scheduled operations when petitioner was on duty, some were emergency cases when petitioner was on duty, while still others were emergency cases when petitioner was on call. She concedes that the trips falling

in the first category were personal in nature, but argues that the others were ordinary and necessary business expenses[2] because, when called, she had to get to the hospital as quickly as possible and adequate public transportation was not available.

Amounts incurred in traveling to and from one's residence and regular place of employment are commuting expenses which are personal in nature and therefore not deductible as business expenses. Sec. 1.162–2(e), Income Tax Regs.; sec. 1.262–1(b)(5), Income Tax Regs.; and *William L. Heuer, Jr.,* 32 T.C. 947, 951 (1959), affirmed per curiam 283 F. 2d 865 (C.A. 5, 1960), and the cases cited therein. Here the petitioner's automobile trips were between her home and her only place of employment. Her home was not used as an office and the hospital did not permit her to maintain an outside medical practice. Although the hospital allowed her to remain at home while on duty during weekdays because of her long hours, petitioner's decision to do so was purely for personal, not business, reasons. The sole concern of the hospital was that she be available on short notice; and it did not care whether she was at the hospital, her home or somewhere else when an emergency arose as long as she could be reached immediately.

In substance, the instant case is similar to *Lenke Marot,* 36 T.C. 238 (1961), where we rejected a claim by an electrocardiograph operator who was on 24-hour call and who sought to deduct expenses of getting to work from wherever she happened to be when called. Here, too, trips made by petitioner at night and on weekends when she was on call, whether for scheduled operations or emergencies, do not qualify as ordinary and necessary business expenses. See also *Clarence J. Sapp,* 36 T.C. 852 (1961), affirmed per curiam 309 F. 2d 143 (C.A. 5, 1962), holding that a portion of the automobile expense claimed by a physician as a business deduction was personal in nature and not deductible, where, in addition to using the automobile in his medical practice, he used it to "commute" to work, to go home for lunch, and to attend social functions.

The established judicial decisions interpreting the applicable statutes and regulations compel the conclusion, although it may appear inequitable, that all automobile expenses incurred by the petitioner in making her trips between her home and the Bergen Pines County Hospital during the years in question were nondeductible personal commuting expenses. Accordingly,

*Decision will be entered for the respondent.*

---

[2] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *