Constance L. Gates v. Commissioner.
Gates v. Commissioner
Docket No. 1938-68.
United States Tax Court
T.C. Memo 1969-200; 1969 Tax Ct. Memo LEXIS 97; 28 T.C.M. (CCH) 1049; T.C.M. (RIA) 69200; September 29, 1969, Filed Constance L. Gates, pro se, 244 N. 16th, San Jose, Calif. Jeffrey E. Boly, for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: The respondent determined a deficiency in the petitioner's income tax for the calendar year 1964 of $172.82. Petitioner alleged no error in her petition with respect to respondent's disallowance of certain contributions. The only issue for our decision is whether petitioner is entitled to deduct automobile expenses incurred in traveling from her home to her place of employment to render emergency call service. The facts were fully stipulated and are so found. By joint motion of the parties, the case was submitted under Rule 30 of the Court's Rules of Practice. At the time of the filing of her petition, *98 the petitioner resided at 1335 Magnolia, San Jose, Calif. Petitioner filed her individual Federal income tax return for the year 1964 with the appropriate office of the Internal Revenue Service. The petitioner is a radiological technologist and for 7 months of the period in issue was a full-time employee of the Carson Tahoe Hospital in Carson City, Nev. Petitioner's primary duty was the taking of X-rays of patients at the hospital where she was employed. The regular duty hours of the petitioner at Carson Tahoe Hospital were from 8 a.m. to 5 p.m., Monday, Tuesday, Thursday, and Friday and from 8 a.m. to 12 noon on Wednesday and Saturday. In addition to her regular duty hours, petitioner was required to be on emergency call duty every other weekend from 5 p.m. on Friday until 8 a.m. the follosing Monday, and on 2 weekingths every week from 5 p.m. to 8 a.m. the next morning. While employed at Carson Tahoe Hospital during the period in issue, petitioner was on emergency call duty for one entire month. The petitioner was not required to stay at the hospital during the time she was on emergency call duty, but was required to report to the hospital upon being notified of the need for *99 her services. She was compensated by her employer for ever emergency call at the rate of $5 for every hour or fraction thereof spent at the hospital performing emergency service. Her employer did not, however, provide reimbursement for petitioner's traveling expenses incurred while on emergency call duty. Sleeping accommodations were not available for employees on emergency call. Petitioner's home was located 8 miles from Carson Tahoe Hospital. As a result of emergency call duty, the petitioner drove her automobile a total of 7,000 miles to and from the hospital in the year 1964, and claimed a deduction of $700 for expenses so incurred. Petitioner computed her deduction by multiplying 7,000 miles by 10 cents a mile. Respondent agrees that this method of computation is correct, but disallowed the deduction on the ground that the expense was a nondeductible personal living expense. Section 162(a) of the Internal Revenue Code of 1954 provides for the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." There has, however, been a distinction made between expenses incurred in carrying *100 on a trade or business and expenses incurred in traveling from one's place of residence to one's place of employment, the latter having been held to be nondeductible personal expenses. William L. Heuer, Jr., 32 T.C. 947, 951 (1959), affirmed per curiam 283 F. 2d 865 (C.A. 5, 1960). The petitioner contends that the expenses incurred by her in traveling to and from her place of employment while on emergency call duty were business expenses and not commuting expenses. She does not question the fact that her expenses in getting to and from the hospital 1050 to perform her duties during her regular duty hours were commuting expenses and thus nondeductible. Petitioner argues that because of the very nature of her duty while on emergency call, the fact that the hospital required her to furnish her own vehicle, and the fact that the hospital did not have available sleeping accommodations, she should be allowed a deduction for these expenses. Petitioner does not, however, advance any authority for her contention. The facts of this case are indistinguishable from the facts of two recent cases decided by this Court. In Lenke Marot, 36 T.C. 238 (1961), *101 an electrocardiograph technician claimed a deduction for her automobile expenses incurred in traveling to the hospital, her regular place of employment, in response to emergency calls. Likewise, in Margaret Galotta Sheldon, 50 T.C. 24 (1968), an anesthesiologist attempted to deduct the cost of operating her automobile in traveling from her home to the hospital to assist in speciall scheduled operations and emergency cases. We held in both of those cases that the expenses incurred were commuting expenses and therefore nondeductible. Here, as in Marot and Sheldon, the expenses in question were incurred by petitioner as a result of being on emergency call duty and were for transportation costs in getting to and from her regular place of employment. We stated in Sheldon, at 27: "Amounts incurred in traveling to and from one's residence and regular place of employment are commuting expenses which are personal in nature and therefore not deductible as business expenses." In light of this, it is clear that the expenses in question are commuting expenses and, on the authority of the above cases, are therefore nondeductible personal expenses. Decision will be entered for the *102 respondent.