*Decisions will be entered under Rule 50.*

James M. O'Hare, Petitioner *v.* Commissioner of Internal Revenue, Respondent

Docket No. 2953–69SC.    Filed April 28, 1970.

James M. O'Hare, pro se.
*Joel Gerber*, for the respondent.

**OPINION**

The first issue for decision is whether the petitioner may deduct his cost of traveling from his residence to his place of employment for his extra duty. The petitioner does not contend that his commuting expenses in connection with his regular-duty hours are deductible; however, he argues that his traveling expenses in connection with his extra duty had a business purpose and should therefore be deductible under section 162 of the Internal Revenue Code of 1954.[1]

It is well established that amounts incurred in traveling between one's residence and regular place of employment are nondeductible personal expenses of commuting. Secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.; *Commissioner* v. *Flowers*, 326 U.S. 465 (1946). Although commuting expenses are incurred in order to reach one's place of employment, they are treated as nonbusiness expenses since their amount depends upon the place where one chooses to reside—a choice which results from personal and family considerations. This reasoning applies equally to the expenses of commuting for regular duty or for extra duty. *Margaret Galotta Sheldon*, 50 T.C. 24 (1968); *Lenke Marot*, 36 T.C. 238 (1961). We recognize that to make the additional trips required by his extra-duty care of the patients imposed a hardship upon the petitioner, and we appreciate the fact that he and his colleagues were willing to perform such services. However, if the petitioner is to receive any relief for these additional services, it must come in the form of additional compensation or allowances from the Veterans' Administration. The circumstances do not warrant or jus-

---

[1] All statutory references are to the Internal Revenue Code of 1954.

tify relief in the form of judicially determined exceptions to the general rules of taxation. We must apply the general rules and hold that all the petitioner's commuting expenses are personal and not deductible.

The second issue for decision is whether the petitioner may deduct as medical expenses, under section 213, the value of gift certificates transferred by him to several doctors who performed services for him and his family.

Section 213(a)(1) provides for the deduction of expenses for medical care. Medical care is defined in section 213(e)(1) as amounts paid for various forms of medical treatment. In our view, the gift certificates were not transferred as payments for medical services within the meaning of section 213.

In our society, there are many occasions when one person performs a kindness for another without any expectation of receiving compensation or other reward for his services; he is motivated primarily by the wish to bestow a favor upon another person. Yet, the beneficiary may wish to express his thanks in some tangible manner. So-called gifts are often made under such circumstances, and both the donor and the donee consider them to be gifts—the donor does not consider that he has paid value for services received, and the donee does not treat the payment as compensation or consideration for services rendered. Such situations are distinguishable from those in which an employee receives a bonus since the business has prospered, in which a waiter receives a tip for having rendered good service, in which a widow is paid an allowance by the employer of her deceased husband in recognition of his services to the employer, or in which in return for a substantial business favor, there is a so-called gift of valuable property. *Commissioner* v. *Duberstein*, 363 U.S. 278 (1960). Those are arrangements for compensation, and they are treated as such for tax purposes. However, in applying the tax law, we should recognize the essential difference between those situations and the kind that we have before us.

The petitioner was not billed and was not expected or obligated to pay for any of the services rendered him and his family, and the payments he did make were significantly less than the value of such services. According to his testimony, the petitioner gave the gift certificates as only token remuneration for the services performed. In light of these facts, we have concluded that the payments were motivated by the petitioner's wish to demonstrate his appreciation to the doctors whom he and his family had consulted. As such, the payments were to satisfy the personal desires of the petitioner to make a gift, and were not paid for medical care within the meaning of the statute. Accordingly, such payments are not deductible. Sec. 262.

*Decision will be entered for the respondent.*