Leonard A. Stiller and Iris C. Stiller v. Commissioner.
Stiller v. Commissioner
Docket No. 2013-71.
United States Tax Court
T.C. Memo 1972-186; 1972 Tax Ct. Memo LEXIS 70; 31 T.C.M. (CCH) 908; T.C.M. (RIA) 72186; August 28, 1972
Leonard A. Stiller, pro se, 3616 S.W. 23rd Court, Fort Lauderdale, Fla. Meno W. Piliaris, for the *71 respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the calendar year 1968 in the amount of $359.01. [1] Concessions having been made, the only issue left for our determination is whether the petitioner Leonard A. Stiller may deduct the expenses incurred in maintaining an automobile for transportation to emergency job assignments under sections 162(a) and 167(a), Internal Revenue Code of 1954. [2]
Findings of Fact Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. The petitioners, Leonard A. and Iris C. Stiller are husband and wife, residing at at the time of the filing of their petition herein at Fort Lauderdale, florida. The petitioners filed their joint Federal income tax return for *72 the calendar year 1968 with the district director of internal revenue at Jacksonville, Florida. Iris is a 909 party to this proceeding solely by virtue of having filed a joint income tax return and the designation "petitioner" will hereinafter refer only to Leonard. During the year 1968, petitioner was employed by National Airlines, Inc., as a junior pilot. His home port was Miami International Airport with some of his departures and arrivals scheduled from Fort Lauderdale International Airport. The National Airlines, Inc. Flight Operations manual contains the following regulation: Section 5207 * * * B. Flight personnel are expected to have personal motor transportation readily available at their base station in order to be available for flight duty if needed. The purpose of the regulation was to have all flight personnel available on a 24-hour basis if an emergency required their services. In addition to his family automobile, petitioner maintained a 1965 Cadillac in case his services were requested pursuant to the above quoted language. However, during 1968 National Airlines never asked petitioner to report for emergency flight duty. The Cadillac was driven approximately *73 50 miles per week for personal purposes including some commuting. The remainder of the time the car was idle. Petitioner, using the straight line method, determined his automobile depreciation to be $1,000. Additionally he incurred an insurance expense of $187, bringing his total expenses to $1,187. From this total he bubtracted 30 percent or $356.10 based on his estimate of personal use. This percentage was determined by a comparison of the mileage his automobile travelled with the mileage an average car is driven. The remaining 70 percent ($830.90, the amount in issue) which was attributable to nonuse, was allocated entirely to business, and deducted on his 1968 Federal income tax return. Opinion The issue presented for adjudication is whether the petitioner may deduct under the provisions of sections 162(a) and 167 (a), [3] the insurance expense and depreciation of an automobile he maintained for transportation to emergency flight duty. He seeks to distinguish these costs from personal expenditures because he was required to possess an automobile by National Airlines mandate. *74 The burden of proof lies with the petitioner. White v. United States, 305 U.S. 281 (1938); Schubert v. Commissioner, 286 F. 2d 573 (C.A. 4, 1961), affirming 33 T.C. 1048 (1960). Petitioner has presented as his only proof a provision from the National Airlines Inc. Flight Operations manual which states, "Flight personnel are expected to have personal motor transportation readily available at their base station in order to be available for flight duty if needed." [Emphasis added.] Despite the apparent ambiguity, we feel constrained to hold that this provision places no more of a duty on petitioner than to have a reliable means of reaching his job assignments, however unusual, in a punctual manner; a requirement applicable to most of us. While no doubt the availability of his own automobile satisfied this provision, it does not follow that National Airlines was requiring that the petitioner maintain such a means of transportation. When we add our conclusion that the petitioner was not required by his employer to maintain his own automobile to the fact that petitioner admits that his Cadillac was used solely for personal reasons during 1968, *75 we feel a decision for the respondent is warranted. For the sake of completeness we might further note that petitioner has been unable to show us that his automobile would serve any purpose other than as a means of commuting. Commuting expenses have long been held to be nondeductible personal expenses within the purview of section 262. [4]Commissioner v. Flowers, 326 U.S. 465 (1946). The fact that petitioner was required to be available on a 24-hour basis or that he might be obliged to travel long distances does not alter the 910 personal nature of commuting to and from work. Margaret Galotta Sheldon, 50 T.C. 24 (1968); William L. Heuer, Jr., 32 T.C. 947 (1959), aff'd per curiam 283 F. 2d 865 (C.A. 5, 1960). Based on the facts in the instant case we are unable to distinguish the requirement of National Airlines from the commuting requirements inherent in certain employment situations where alternative means of transportation are unavailable. See Sheldon, supra.Nor are we able to find any business exigency served by petitioner's potential commuting. Flowers, supra.
*76 We therefore hold that the expenses petitioner incurred in maintaining an automobile for transportation to and from emergency flight duty are personal expenses, and are nondeductible under section 262. Decision will be entered for the respondent. Footnotes
1. Respondent disallowed a deduction of $1,450.15 on petitioner's Federal income tax return. Petitioner has conceded $619.25, leaving $830.90 in dispute. ↩
2. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income.↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩