JASPER H. and IMOGENE A. ARNOLD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ARNOLD v. COMMISSIONER
Docket No. 1503-77.
United States Tax Court
T.C. Memo 1978-465; 1978 Tax Ct. Memo LEXIS 48; 37 T.C.M. (CCH) 1847-94; November 22, 1978, Filed *48 Held, the petitioner, a doctor, may not deduct the costs incurred by him in traveling between his home and his various places of employment. Jasper H. Arnold, pro se. Thomas G. Norman, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $2,149.06 for 1972 and $1,850.24 for 1973. The parties have settled certain issues. The only issue remaining for decision is whether the petitioners are entitled to deduct expenses incurred by one of them in traveling between his home and his place of employment. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Jasper H. and Imogene A. Arnold, husband and wife, maintained their legal *49 residence in Houston, Tex., at the time they filed their petition in this case. They filed their joint Federal income tax returns for 1972 and 1973 with the Internal Revenue Service Center, Austin, Tex.
For many years, Dr. Arnold has been engaged in the private practice of urology in the Houston area. He is certified by the American Board of Urology.During the years in issue, Dr. Arnold maintained a private medical office in Houston. In addition to caring for patients in his office, he cared for a number of his own patients and did consultation work for other doctors at several hospitals in the Houston area, including Diagnostic Hospital, where he had staff privileges. In 1972 and 1973, Dr. Arnold's regular routine was to see patients in his office on Mondays, Wednesdays, and Fridays. However, before going to the office on those days, he usually traveled from his home to a hospital to visit patients there. Frequently, after completing his office hours, he again returned to a hospital to see patients before returning home. On Tuesdays, Thursdays, Saturdays, and Sundays, he usually traveled directly from his home to a hospital and remained there until he returned home.In *50 addition to such trips, he was required, at times, to leave his home and make emergency calls. During 1972 and 1973, Dr. Arnold owned a 1965 Lincoln which he considered his business vehicle. He deducted $1,347.56 for operating expenses and $900.00 for depreciation on the automobile in 1972, and $1,180.40 and $650.00, respectively, for such expenses in 1973. The following table shows the mileage traveled by Dr. Arnold during a 4-month period in 1972, the mileage which he claimed for business purposes, and the mileage which the Commissioner allowed: Recomputed
Business
Business
4-Month
Use Per
Use by the
Miles
Petitioner
Commissioner
(a) Emergency calls -
Home to area and
190
190
0
return
(b) Between hospitals
176
176
176
(c) St. Luke's and
Methodist - to
9
9
9
or from office
(d) Diagnostic - to or
from office
56
56
56
(e) Home to or from
office
282
0
0
(f) Home to or from
St. Luke's
170
170
0
(g) Home to or from
Diagnostic
1,855
1,855
0
(h) Home to or from
other hospitals
214
214
0
Total miles
2,952
Business miles
2,670
241
Percent business
use
90.447
8.164 Such 4-month analysis *51 is representative of the remaining months of 1972 and all of 1973. In his notice of deficiency, the Commissioner disallowed all deductions for business use of the Lincoln that were based on travel between Dr. Arnold's home and his various places of employment. OPINION The only issue for decision is whether the petitioners may deduct Dr. Arnold's cost of traveling from his residence to his places of employment. Dr. Arnold argues that such expenses are deductible under section 1.162-6, Income Tax Regs., which in relevant part provides: A professional man may claim as deductions the cost of supplies used by him in the practice of his profession, expenses paid or accrued in the operation and repair of an automobile used in making professional calls * * * He overlooks the fact that there are other well established principles of tax law that must also be considered in deciding whether they are entitled to the deductions. It is firmly established that amounts incurred in traveling between one's residence and regular place of employment are nondeductible personal expenses of commuting. Secs. 1.162-2(e), 1.212-1(f), 1.262-1(b)(5), Income Tax Regs.; Commissioner v. Flowers,326 U.S. 465 (1946); *52 O'Hare v. Commissioner,54 T.C. 874, 875 (1970). "The rationale for the commuting rule is founded on the premise that one is free to choose the location of his personal residence." The differences in the distances traveled and the amounts spent on traveling are influenced by one's personal preference as to his place of living and his means of transportation. "To allow a deduction for such expenses would be to allow a deduction for personal expenses." A deduction for commuting expenses is disallowed in order to assure similarity of treatment of all taxpayers. [Anderson v. Commissioner,60 T.C. 834, 835 (1973); citations omitted.] Dr. Arnold recognizes that when he traveled directly from his home to his office, the costs of such trips were nondeductible commuting expenses. The rule is no different when he traveled from his home to a hospital or other place to practice his profession; the courts have repeatedly held that the costs of such trips are not deductible. E.g., O'Hare v. Commissioner,supra;Sheldon v. Commissioner,50 T.C. 24 (1968); Sapp v. Commissioner,36 T.C. 852 (1961), affd. *53 per curiam 309 F. 2d 143 (5th Cir. 1962); see also Marot v. Commissioner,36 T.C. 238 (1961). [1] The Commissioner has allowed Dr. Arnold a deduction for the costs of all trips between his office and the hospital; the Commissioner has only disallowed the expenses of traveling between his home and his various places of employment. Since the Commissioner's determination is in accordance with such well established principles, it must be sustained in this respect. Because of the settlement of other issues, Decision will be entered under Rule 155.
Footnotes
1. See Roberts v. Commissioner,T.C. Memo. 1971-282; Dietrich v. Commissioner,T.C. Memo. 1971-156; Gates v. Commissioner,T.C. Memo. 1969-200↩.