COURTNEY L. and PERCILLA M. RUSSO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOSEPH P. LICCIARDI, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Russo v. Commissioner
Docket Nos. 24781-81, 5017-82.
United States Tax Court
T.C. Memo 1983-324; 1983 Tax Ct. Memo LEXIS 465; 46 T.C.M. (CCH) 388; T.C.M. (RIA) 83324; June 7, 1983. John A. Stassi II and Edward N. George III, for the petitioners. H. Karl Zeswitz, Jr., for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes in the amounts and for the taxable years as follows: Year
Deficiency
Courtney L. Russo and
1978
$1,590.19
Percilla M. Russo
1979
2,934.81
Joseph P. Licciardi, Jr.
1978
2,973.83
After concessions there remains one issue for decision - whether the mileage incurred by Drs. Russo and Licciardi in responding, outside the usual working day, to *466 emergency calls at a hospital represent business mileage or represent commuting mileage. FINDINGS OF FACT Some of the facts have been confected in two stipulations of fact. The stipulations of fact and stipulated exhibits are incorporated herein by this reference. Petitioner Joseph P. Licciardi, Jr. (Dr. Licciardi) filed a Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center at Austin, Texas. Petitioners Courtney L. Russo (Dr. Russo) and Percilla M. Russo are husband and wife and filed joint Federal income tax returns for the taxable years 1978 and 1979 with the Internal Revenue Service Center at Austin, Texas. All petitioners resided in Jefferson Parish, Louisiana, at the time they filed their petitions in this matter. Percilla Russo is a petitioner solely by virtue of filing joint returns with her husband. Dr. Russo and Dr. Licciardi are orthopedic surgeons and are shareholders and employees of LeNoir, Licciardi and Russo, Orthopedic Surgery Associates, a Professional Medical Corporation. Dr. Russo and Dr. Licciardi performed substantial medical activities at Southern Baptist Hospital which was located directly across the street *467 from their offices. More than 80 percent of their surgical practice was carried on at Southern Baptist Hospital. They were also members of the medical staff at East Jefferson General Hospital, located about 25 miles from their medical office. Dr. Russo and Dr. Licciardi responded to emergencies at Southern Baptist Hospital during the regular office hours. They also responded to emergencies during evening and weekend hours, traveling from their homes or other places of personal preference to answer these emergencies. Dr. Russo drove 2,070 miles in each of the two taxable years from his home to respond to various emergency calls, primarily at Southern Baptist Hospital. Dr. Licciardi drove 1,140 miles from his home to respond to various emergency calls, primarily at Southern Baptist Hospital. This mileage represents emergency room visits by the two doctors on weekends, nights and days off. The practice of orthopedic surgery in New Orleans is a competitive business. Significant incomes were realized by the doctors as a result of the emergency calls taken. The doctors actively sought this emergency room business to enhance their revenues. They responded quickly to calls *468 from emergency rooms at which they were on call in order to insure that they got this business. Dr. Russo, in 1978 and 1979, and Dr. Licciardi, in 1979, claimed deductions on their Federal income tax returns on the basis of the emergency room mileage set forth above. The Commissioner, in his statutory notice of deficiency, disallowed these deductions as constituting personal rather than business mileage. OPINION Dr. Russo and Dr. Licciardi present themselves as private practitioners of medicine, not under any contract to any hospital to provide emergency room service. They actively sought emergency room business to gain the fees derived from the emergency calls and the follow-up care. The petitioners maintain that these emergency room calls were made with the motive of gaining more business, not from commuting to and from the doctors' regular and primary place of business, and as such are deductible under section 162. [1]
Respondent contends that the contested mileage represents commuting mileage that is personal in nature and for which no deduction is allowed. Respondent directs our *469 attention to the fact that these emergency room visits originated at the doctors' respective personal residences or other place of personal preference, as they were not required to remain at any specific location while on call. Amounts incurred in traveling to and from one's residence and regular place of employment are commuting expenses which are personal in nature and therefore not deductible as business expenses. Sec. 1.162-2(e), Income Tax Regs.; sec. 1.262-1 (b)(5), Income Tax Regs.Sheldon v. Commissioner,50 T.C. 24 (1968), and Heuer v. Commissioner,32 T.C. 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960), and the cases cited therein. Here the petitioner doctors seek to deduct on call emergency room visits. The vast majority, if not all, of these visits were to Southern Baptist Hospital, located across the street from the doctors' office and where the doctors had 80 percent of their practice. These trips are clearly commuting in nature. Sheldon v. Commissioner,supra.This is true even though the trips were outside of their regular working hours. [2] The fact that there was a business *470 purpose for these trips does not distinguish them from other commuting expenses, for there is presumably a business purpose in going to work. The case is no different where the travel originates from some place of personal preference other than the taxpayer's home. Marot v. Commissioner,36 T.C. 238 (1961). It is not clear from the record whether the disputed mileage consists of any emergency room visits to hospitals other than Southern Baptist Hospital. The burden of proof is on the petitioner, Welch v. Helvering,290 U.S. 111 (1933), and the petitioners have neither identified nor distinguished these visits from those to Southern Baptist Hospital. By this comment we do not suggest that the expenses related to such other trips would not also constitute commuting expenses. We are simply stating that we have no evidence before us to consider. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Gwinner v. Commissioner,T.C. Memo. 1975-270; Gates v. Commissioner,T.C. Memo. 1969-200↩.