JAMES P. KISICKI AND DEBORAH A. KISICKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kisicki v. Commissioner
Docket No. 4409-85.
United States Tax Court
T.C. Memo 1987-245; 1987 Tax Ct. Memo LEXIS 245; 53 T.C.M. (CCH) 819; T.C.M. (RIA) 87245; May 11, 1987. Gerald W. Phillips, for the petitioners. Carol A. Szczepanik, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) (redesignated as sec. 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180, 181 and 182. [1]
Respondent determined deficiencies in petitioners' 1981 and 1982 Federal income taxes of $626.25 and $4,324.00, respectively. After concessions, the issues for our decision are: (1) whether petitioners are entitled to business deductions and investment credits exceeding those allowed by respondent; and (2) whether *249 petitioners are liable for self-employment tax for 1982. Some of the facts in this case have been stipulated and are incorporated herein by this reference. James P. Kisicki (hereinafter "petitioner") and Deborah A. Kisicki are husband and wife and filed joint income tax returns for 1981 and 1982. They resided in Cleveland Heights, Ohio at the time their petition was filed. Petitioner has been a professional actor since 1977. During the years in issue, he worked in various capacities, including performing in several plays, working as a character actor in radio and television, and doing "voice-overs" for commercials. During the years in issue, he was paid by the Cleveland Playhouse and various advertising agencies, both of which reported his compensation on Forms W-2 totaling $17,257.93 for 1981 and $28,236.91 for 1982. In addition, petitioner reported gross receipts from acting of $706 for 1981 and $5,363 for 1982 on Schedule C, but claimed business deductions exceeding those amounts for both years. In the notice of deficiency, except for $1,976.24 in travel and entertainment expenses for 1981, respondent disallowed all travel, entertainment, and automobile expense deductions *250 claimed on petitioner's 1981 and 1982 income tax returns. [2] In addition, he disallowed miscellaneous business expenses of $1,703 for 1981, depreciation of $1,650 for 1982 and a $679 investment credit for 1982. Respondent subsequently conceded $309.88 of 1981 miscellaneous business expenses. Respondent maintains that the disallowed deductions are neither ordinary and necessary expenses incurred in petitioner's trade or business nor sufficiently substantiated. Moreover, he maintains that the claimed depreciation deductions and investment credits do not relate to property used in petitioner's trade or business. Respondent also determined that petitioners were liable for self-employment tax for 1982 on the net profit resulting after disallowance of business deductions. BURDEN OF PROOF Petitioner first asserts that respondent's determination was arbitrary and unreasonable because it was based on the allegation that "Petitioners were not engaged in a trade or business" and that respondent's failure to disallow some of the claimed trade or business expenses on his notice of deficiency *251 and his concession of other trade or business expenses at trial is inconsistent with this position. He argues that this shifts the burden of going forward to respondent under the rationale of Weimerskirch v. Commissioner,596 F.2d 358, 361 (9th Cir. 1979), revg. 67 T.C. 672 (1977) and Llorente v. Commissioner,649 F.2d 152 (2d Cir. 1981), affg. in part and revg. and remanding in part 74 T.C. 260 (1980). Generally, the burden of proof and the burden of going forward rests with petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). However, under rare circumstances where a statutory notice of deficiency is arbitrary and excessive, the burden of going forward shifts to respondent. Dellacroce v. Commissioner,83 T.C. 269, 280 (1984). We have carefully examined the notice of deficiency and can find nothing indicating that respondent based his determination on petitioner not being engaged in a trade or business. Consequently, we find that the burden of proof and the burden of going *252 forward remain with petitioner. [3] See Cozzi v. Commissioner, 88 T.C.     (Feb. 18, 1987). BUSINESS EXPENSES Petitioner next argues that all of the expenses and credits claimed on his 1981 and 1982 income tax returns should be allowed. In addition, he now claims that he is entitled to an investment credit for 1981 and deductions in excess of those initially claimed for 1981 and 1982. Generally, ordinary and necessary expenses are deductible if they are incurred in a trade or business. Sec. 162. The terms "ordinary" and "necessary" mean that the expenditure must be one that is normal as well as appropriate and helpful to the operation of the business. Commissioner v. Heininger,320 U.S. 467 (1943). This usually requires that the expenditure bear a reasonably direct relationship to the taxpayer's trade or business. Commissioner v. Heininger,supra;Kennelly v. Commissioner,56 T.C. 936, 941-942 (1971), *253 affd. without published opinion 456 F.2d 1335 (2d Cir. 1972); Sholund v. Commissioner,50 T.C. 503, 508 (1968). See sec. 1.162-1(a), Income Tax Regs. A taxpayer's general statement that his expenses were incurred in pursuit of a trade or business is not sufficient to establish such a relationship. Ferrer v. Commissioner,50 T.C. 177, 185 (1968). Travel and Entertainment Expenses
Moreover, section 274(d) establishes strict substantiation requirements for deducting gifts, traveling expenses and entertainment expenses. Sanford v. Commissioner,50 T.C. 823, 826 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). A taxpayer may not deduct gifts, traveling or entertainment expenses on the basis of approximations or his unsupported testimony. Sec. 1.274-5(a), Income Tax Regs.; Smith v. Commissioner,80 T.C. 1165, 1172 (1983). Generally, he must supply adequate records to substantiate *254 these deductions. Section 1.274-5(c)(2), Income Tax Regs., defines "adequate records" as -- an account book, diary, statement of expense or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure * * * [Emphasis supplied.] and further provides that -- An account book, diary, statement of expense or similar record must be prepared or maintained in such manner that each recording of an element of an expenditure is made at or near the time of the expenditure. [Emphasis supplied.] In the absence of adequate records to substantiate each element of expense the taxpayer may establish such element by his own statement containing specific information which is supported by other corroborative evidence. Sec. 1.274-5(c)(3), Income Tax Regs.
The courts have rigorously enforced the specificity required under section 274. See, e.g., Dowell v. United States,522 F.2d 708 (5th Cir. 1975); Hughes v. Commissioner,451 F.2d 975 (2d Cir. 1971), affg. a Memorandum Opinion of this Court; Smith v. Commissioner,supra at 1172; *255 Deely v. Commissioner,73 T.C. 1081, 1101 (1980). The court in Dowell noted that the purpose of section 274 was to curb abuses arising under prior laws which permitted a taxpayer to estimate entertainment and travel expenses, and that "Congress thus declared its intent to disallow entertainment deductions based solely on a taxpayer's 'own unsupported, self-serving testimony.'" Dowell v. United States,supra at 712. Furthermore, "failure to adhere to the precise requirements of the statute and Regulations reopens the door to the very type of tax abuse which Congress intended sec. 274 to foreclose." Dowell v. United States,supra at 716. With these requirements in mind, we have carefully reviewed the record and find that petitioner has not substantiated by adequate records or by sufficient evidence corroborating his own testimony that he is entitled to deduct gifts, traveling expenses or entertainment expenses exceeding those allowed by respondent. Although petitioner submitted calendars for 1981 and 1982 detailing his activities, he admittedly prepared these calendars after respondent began his audit. Since these *256 calendars were not prepared "at or near" the time the expenditures were made, they do not meet the requirements set forth in the Regulations. Moreover, when respondent's audit turned up discrepancies between these calendars and petitioner's receipts, substantial portions were altered to conform them with the receipts. [4] Moreover, at trial, petitioner initially denied making changes to the 1982 calendar, then contended that he made only one change, but finally admitted that he altered several months. Further, petitioner admitted that written explanations accompanying his receipts sometimes were not made until months after the expenditures. In at least one *257 instance the same receipt contained two conflicting explanations. In another instance, petitioner submitted the same receipt to substantiate both a deductible expense and a depreciable asset. For these reasons, we give little credence to petitioner's memory of these long past events or the information contained either in the calendars or on the receipts. [5]
Finally, section 274(a)(1)(A) requires that a taxpayer establish that his entertainment expenditures *258 are directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion, associated with, the active conduct of his business. Sec. 1.274-2(a)(1), Income Tax Regs.; Walliser v. Commissioner,72 T.C. 433, 441-442 (1979). Section 1.274-2(c)(3)(i)-(iv), Income Tax Regs. provides that an expenditure for entertainment will be considered directly related to the active conduct of the taxpayer's trade or business if: (i) At the time the taxpayer made the entertainment expenditure * * * the taxpayer had more than a general expectation of deriving some income or other specific trade or business benefit * * * (ii) During the entertainment * * * the taxpayer actively engaged in a business meeting, negotiation, discussion, or other bona fide business transaction * * * (iii) * * * the principal character * * * of the combined business and entertainment * * * was the active conduct of the taxpayer's trade or business * * * [and] (iv) The expenditure was allocable to the taxpayer and a person or persons with whom the taxpayer engaged in the active conduct of trade or business * * *259 * The Regulations further provide that entertainment is not deductible unless it is clearly established that "any recipient of the entertainment would have reasonably known that the taxpayer had no significant motive, in incurring the expenditure, other than directly furthering his trade or business." Sec. 1.274-2(c)(4), Income Tax Regs. The Regulations also provide that an expenditure for entertainment shall be considered associated with the active conduct of the taxpayer's trade or business if the taxpayer establishes that he had a clear business purpose in making the expenditure. Sec. 1.274-2(d)(2), Income Tax Regs.
Petitioner incurred much of his claimed entertainment expenses running parties or otherwise entertaining personal friends and/or colleagues at the Cleveland Playhouse. Although conversations held at these gatherings may have included some business discussions, they were in the main indistinguishable from what is usually considered personal entertainment. Consequently, we find that petitioner has not shown the necessary *260 direct relationship or association to meet the standards set down in the Regulations. Accordingly, we hold that petitioner has not met the burden of proof required to deduct the disputed travel and entertainment deductions. Home Office
Petitioner deducted expenses relating to the use of one room of his residence as an office in his home. Generally, no such deduction is allowable. Sec. 280A(a). There are, however, a few limited exceptions to this rule. Section 280A(c) allows a deduction for the use of a portion of a dwelling exclusively used on a regular basis either as the taxpayer's principal place of business (section 280A(c)(1)(A)) or as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business (section 280A(c)(1)(B)). Since, admittedly, the second exception does not apply in this case, [6] only if we find that a portion of the petitioner's residence was exclusively used on a regular basis as his "principal place of business" may the deduction be allowed. *261 Nothing in the legislative history of section 280A furnishes guidance as to the scope of the phrase "principal place of business" in the context of section 280A. Baie v. Commissioner,74 T.C. 105, 109 (1980). Nor are there any final regulations available to assist us. See Scott v. Commissioner,84 T.C. 683, 689-690 (1985). The test laid down by this Court is whether the office is the "focal" point of the taxpayer's particular business activities. Jackson v. Commissioner,76 T.C. 696, 700 (1981); Baie v. Commissioner,supra.The "focal" point is not dependent solely on the number of hours of use. Rather, it is that location which is most essential to carrying on the taxpayer's business. Cristo v. Commissioner,T.C. Memo. 1982-514. Although petitioner rehearsed plays, stored wardrobes, scripts and materials, and did clerical work in his home office, the performances at which he earned his income were held at theaters and studios. These locations constituted the focal point of petitioner's activities and, consequently, petitioner's home office does not come within the principal place *262 of business exception provided in section 280A. Hynes v. Commissioner,74 T.C. 1266, 1296-1298 (1980). Accordingly, we find that petitioner is not entitled to any deduction for the use of his home office.[7]
Automobile Expenses
Petitioner deducted automobile expenses for both local and out-of-town travel. We *263 have already determined that the portion of his expenses attributable to out-of-town travel is not deductible because he failed to produce the substantiation required under section 274(d). Local trips, however, are not subject to the strict substantiation requirements of sec. 274(d). Sec. 1.274-5(a)(1), Income Tax Regs.; Gestrich v. Commissioner,74 T.C. 525, 530-531 (1980), affd. without published opinion 681 F.2d 805 (3d Cir. 1982). It is well established that the cost of commuting between one's residence and place of employment is a nondeductible personal expense. Sec. 1.262-1(b)(5), Income Tax Regs.; Marot v. Commissioner,36 T.C. 238 (1961); see secs. 1.62-1(g) and 1.162-2(e), Income Tax Regs. Further, it is immaterial that petitioner, because of the nature of his work, was required to make more than one trip per day between his home and place of employment. O'Hare v. Commissioner,54 T.C. 874 (1970); Sheldon v. Commissioner,50 T.C. 24 (1968). *264 Petitioner's local trips consisted of traveling from his home to commercial studios and back and traveling from his home to the theater and back. Since we have already found that petitioner's home was not his principal place of business, the cost of these trips constituted nondeductible commuting expenses. Hamblen v. Commissioner,78 T.C. 53 (1982); Moriarty v. Commissioner,T.C. Memo. 1984-249. See also Lary v. United States,608 F.Supp. 258 (N.D. Ala. 1985), affd. per curiam on another issue 787 F.2d 1538 (11th Cir. 1986). Miscellaneous Business Expenses
For 1981, petitioner deducted miscellaneous business expenses totaling $1,703 on Schedule C. Respondent disallowed all of these deductions on the notice of deficiency. At trial, however, respondent conceded that petitioner was entitled to deduct $309.88 for postage, dues and fees. As we have previously stated, in order to obtain these deductions, petitioner must show that these expenses constituted ordinary and necessary expenses incurred in a trade or business. Sec. 162. *265 Personal, living and family expenses are not deductible. Sec. 262. This includes clothing, even though purchased for work, if it is suitable for general or personal wear. Hynes v. Commissioner,supra at 1289-1292. See Kroll v. Commissioner,49 T.C. 557 (1968). After reviewing the record, we find that, in addition to respondent's concession, petitioner has shown that his expenditures of $117.31 for photography and printing fees, $39.94 for demo tapes and $80 for telephone calls qualify as deductible job seeking expenditures. Cremona v. Commissioner,58 T.C. 219 (1972); Kenfield v. Commissioner,54 T.C. 1197 (1970); Primuth v. Commissioner,54 T.C. 374 (1970). However, he has not carried his burden as to any of the remaining miscellaneous business expenses claimed for 1981.[8]Welch v. Helvering,290 U.S. 111 (1933). Depreciation and Investment Credit
*266 Depreciation deductions are allowable on property used in a trade or business. Sec. 168(c)(1)(A). In addition, investment credits are allowable on acquisitions of depreciable tangible personal property. Secs. 38(a) and 48(a)(1)(A). Petitioner claimed depreciation on items in his home office and on his automobile. Petitioner did not substantiate the basis of many of the items located in his home office nor could he remember whether he deducted some of these items in the year of acquisition. In addition, he has not adequately substantiated his out-of-town travel expenses, his local travel constituted personal commuting expenses, and we are unable to ascertain the extent of any other business usage. Consequently, we hold that he is not entitled to an investment credit or depreciation deduction on either his home office furniture and equipment or his automobile. Sec. 1.48-1(b)(2), Income Tax Regs. See Davidson v. Commissioner,82 T.C. 434, 438 (1984); Lary v. United States, supra.
SELF EMPLOYMENT TAX Section 1401 provides *267 that a tax shall be imposed on the self-employment income of every individual. To be characterized as self-employment income, earnings must arise from a "trade or business." Sec. 1402(a). The phrase "trade or business" as used in section 1402(a) has the same definition as in section 162. Sec. 1402(c). Since neither party disputes that petitioner's trade or business was as an "actor" and his reported Schedule C income was from that activity, we sustain respondent's assertion of self-employment tax on petitioner's 1982 net Schedule C income. Decision will be entered under Rule 155.[9]
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Expenditures for gifts were included in the travel and entertainment expense deductions.↩
3. Because we have resolved this issue on the basis stated above, we need not decide whether the notice of deficiency was arbitrary and excessive.↩
4. Despite these alterations, the calendars are still inconsistent with the submitted receipts. For instance, petitioner submitted a credit card voucher indicating that he was in Mentor, Ohio on June 8, 1981. However, his calendar states that he was auditioning for a play in Cincinnati, Ohio on that day. Although petitioner admitted that he was not in both cities on the same date, he did not provide a reasonable explanation for the inconsistency. Cf. Mouriz v. Commissioner,T.C. Memo. 1986-43↩, n.13.
5. As the trier of fact, it is our duty to listen to the testimony, observe the demeanor of the witnesses, weigh the evidence, and determine what we will or will not believe. Christensen v. Commissioner,786 F.2d 1382, 1383-1384 (9th Cir. 1986), affg. and remanding T.C. Memo. 1984-197. This Court is not bound to accept petitioner's self-serving testimony. Archer v. Commissioner,227 F.2d 270 (5th Cir. 1955); Davis v. Commissioner,88 T.C. 122 (1987). We may simply disregard it. Bose Corp. v. Consumer Union of U.S., Inc.,466 U.S. 485, 512↩ (1984).
6. See Frankel v. Commissioner,82 T.C. 318↩ (1984).
7. We recognize that in Drucker v. Commissioner,715 F.2d 67 (2d Cir. 1983), the Second Circuit, in reversing our decision, allowed certain musicians to deduct the cost of practice areas in their homes. See also Meiers v. Commissioner,782 F.2d 75 (2d Cir. 1983); Weissman v. Commissioner,751 F.2d 512 (2d Cir. 1984). However, the Court based that allowance on its finding that "both in time and in importance, home practice was the 'focal point' of the appellant musicians' employment related activities." In contrast, petitioner's use of his home office was incidental to his acting performances and he actually spent more time in the theaters and studios provided by his employers and clients than in his home office. Therefore, applying the Drucker↩ test does not change our determination.
8. Since respondent did not disallow any of petitioner's 1982 miscellaneous business expenses, they are not at issue here.↩
9. The parties have stipulated the amounts necessary to utilize the income averaging provisions of sec. 1301 et seq. in making this computation.↩