Frank W. and Regina Coker v. Commissioner.
Coker v. Commissioner
Docket No. 4163-70 SC.
United States Tax Court
T.C. Memo 1972-80; 1972 Tax Ct. Memo LEXIS 178; 31 T.C.M. (CCH) 317; T.C.M. (RIA) 72080; March 30, 1972, Filed. Thomas J. Carley, for the petitioners. FredL. Baker, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency of $286.71 in petitioners' Federal income taxes for the year 1966. Since petitioners do not contest certain adjustments made in the statutory notice of deficiency only two issues are presented for our determination. The first *179 issue involves the deductibility of all or any part of certain transportation expenses under section 162(a), Internal Revenue Code of 1954[1] incurred by petitioner Frank W. Coker while traveling between his personal residence and job site. The second issue is affirmatively pleaded by petitioners and involves the question of whether petitioners are entitled to a refund of all taxes paid for 1966 because respondent "elected to work without the statutory formula set out in section 63 and that statutory formula is not now available to respondent." Findings of Fact Some of the facts have been stipulated by the parties and are found accordingly. Petitioners Frank W. Coker (hereinafter referred to as petitioner) and Regina Coker are husband and wife who resided at Eastport, L.I., New York, at the time they 318 filed their petition in this case. Their 1966 joint Federal income tax return was filed with the district director of internal revenue, Brooklyn, New York. During 1966, petitioner was employed as the carpenter shop steward by Ase *180 Carpentry Contractors, Inc. (Ase) at its Stony Brook, New York job site. He worked at this site a total of 261 days during 1966. In connection with this employment, petitioner was required to transport approximately 200 pounds of tools to and from the job site daily in his 1964 Oldsmobile which he used for this purpose. The distance between petitioner's home and job site was 31 miles and during the year in issue petitioner traveled a total of 16,182 miles in making this trip each work day. Petitioner's duties as carpenter shop steward during 1966 included blowing the whistle to start and stop work, deciding when weather was unfit to work in, checking carpenters' union cards, keeping time records, procuring union cards where necessary from the district council office, keeping records of each carpenter's time for his welfare, pension and vacation benefits, checking the union's time records against the contractor's records, taking injured carpenters to the hospital, insuring that contractors observed the terms of the union contract, and doing carpentry work as time permitted. In the course of performing these duties petitioner contacted at least once and sometimes two or three times *181 each day more than 80 carpenters employed by Ase and other contractors at this job site. These men were spread over two large tracts, eight to ten miles apart, where between 500 and 600 single family dwellings were constructed in 1966. To reach these men petitioner had to travel over from ten to fifteen miles of roads which were for the most part unpaved. During the year in issue petitioner traveled at least sixty miles per day on the job site and its vicinity in his automobile carrying out his duties as carpenter shop steward. No reimbursement for these expenses was made to petitioner by his employer. A total of 15,600 miles was driven by petitioner in 1966 in the course of his work at the Stony Brook job site. Despite the provision of storage facilities by Ase for carpenters to store their tools and the presence of armed guards during non-working hours to protect these facilities, none of the carpenters employed at Stony Brook used these storage areas because of the problems of theft and vandalism. Ase did use these facilities and some of its equipment was stolen or vandalized while stored in them. Petitioner used his automobile to transport and store his tools during the year *182 in issue because it was the most feasible and satisfactory method for making them available when and where necessary in accordance with the requirements of his employment. Petitioner also used his automobile to travel between his personal residence and job site because it was the only feasible and satisfactory mode of transportation available for this purpose. Alternative transportation would have been more costly and would have required travel on at least one train and transfers to two separate buses. Therefore, petitioner would have driven to work absent the necessity of transporting his tools. Opinion Petitioner contends that the expenses he incurred in driving between his personal residence and job site at Stony Brook, L.I., New York and the travel expenses he incurred in the performance of his duties as carpenter shop steward at the job site both constitute deductible business expenses under section 162(a). Respondent argues that petitioner's expenses of driving between his personal residence and job site are personal, non-deductible, commuting expenses under section 262. [2] Respondent further asserts that the deduction for travel expenses incurred by petitioner at his job *183 site should not exceed $1,339.20 which amount respondent determined to be properly deductible in the statutory notice of deficiency mailed to petitioner in this case. In focusing upon the issues in this case respondent urges that the factual situation before us does not fall within the limited exception to the general rule regarding the allocation of business and commuting expenses set down in Sullivan v. Commissioner, 368 F. 2d 1007 (C.A. 2, 1966), reversing and remanding 45 T.C. 217 (1965), Memorandum Opinion of this Court on remand, affirmed per curiam in an unpublished order ( C.A. 2, 1969, 24 A.F.T. R. 2d 69-5053, 69-2 USTC 9448), certiorari denied 396 U.S. 827 (1969). Respondent 319 argues that (a) petitioner would have driven his automobile to work absent the necessity of transporting his tools; (b) adequate storage facilities were provided for petitioner's tools at the job site at no cost to him; (c) petitioner's activities as shop steward left him virtually no time to *184 perform carpentry work and thus made the transportation of his carpentry tools unnecessary and (d) the use of petitioner's automobile for business purposes once at the job site does not transform petitioner's personal expense of commuting into a business expense. Although our findings of fact would dictate that we deny petitioner any deduction whatsoever because he would have used his automobile to travel between his residence and job site regardless of the necessity of transporting his tools or using his automobile in connection with his duties once at the job site, Robert A. Hitt, 55 T.C. 628 (1971) and Harold Giberg, 55 T.C. 611 (1971), since an appeal from the decision in this case lies with the Court of Appeals for the Second Judicial Circuit we must follow the rule of law applicable to this case in that Circuit. Jack E. Golsen, 54 T.C. 742 (1970), affirmed on another issue 445 F. 2d 985 (C.A. 10, 1971). For that reason, and because we have found that petitioner was required to perform carpentry work for Ase, as time permitted, thus necessitating the presence of his carpentry tools at all times as well as the fact that storage *185 facilities for petitioner's tools at the job site were inadequate, we are constrained to hold that some portion of petitioner's expenses in driving between his residence and job site are properly deductible. Sullivan v. Commissioner, supra; Arnold T. Anderson, 55 T.C. 756 (1971); and Donald W. Fausner, 55 T.C. 620 (1971). Petitioner demands that we go one step further. He argues that since his automobile was used and was actually required in carrying out his duties as carpenter shop steward, it is just as much a tool of his trade as his carpentry tools and the cost of transporting it to and from the job site should be equally deductible. Assuming, without deciding, that this position is correct [3] we are still required under the circumstances of this case to allocate the expenses incurred by petitioner between the cost of his own transportation and that of his tools. Sullivan v. Commissioner, supra.
*186 Having concluded that petitioner is entitled to a partial deduction of his expenses incurred in traveling to work, we must now determine the precise amount of his deduction. As noted earlier, petitioner would have driven his automobile to work under any circumstances. He refused to present any evidence to the contrary. Petitioner also failed to offer any evidence with respect to alternative transportation or the cost thereof and strenuously objected to the introduction into evidence of any testimony or documents bearing on this subject by respondent. Since such alternative transportation was not available to petitioner as a practical alternative, however, it is our conclusion that it is not a pertinent yardstick in this case for determining petitioner's deductible costs in traveling to work. See Anderson, supra, limiting the application of such a formula to appropriate circumstances. Petitioner has failed to offer any evidence on the cost or availability of adequate storage facilities for his automobile at his job site during non-working hours. On this point he chose to rely solely on the fact that the tool sheds provided by Ase for tool storage were inadequate to house *187 anything as large as an automobile. No further testimony regarding the cost or nonexistence of private storage facilities nearby was offered by petitioner. With these factors in mind as well as the fact that petitioner would not have utilized any available storage facility because he needed his automobile to transport himself to work daily, we must determine the amount of his travel expense that is properly deductible. 320 Without purporting to set forth any standard for allocating the total cost between the personal commuting element and that element attributable to carrying his tools, Fausner, supra, and bearing heavily against petitioner because the inexactitude is of his making, Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930), we find that 33 1/3 percent of the costs of driving from petitioner's personal residence to his job site in 1966 is properly deductible. We also hold, in accordance with our findings of fact set out above, that petitioner is entitled to deduct the costs of traveling 15,660 miles in the course of his work at the Stony Brook job site, reduced by the amount of $1,339.20 previously allowed by respondent in this case. Finally, *188 we hold that petitioner's contention that respondent "elected to work without the statutory formula set out in section 63 and that statutory formula is not now available to respondent" is totally without merit. Petitioner cites no statutory or judicial authority in support of this position and in fact, none exists. Petitioner would require that in every case where respondent challenges the propriety of a deduction, should the taxpayer be sustained, that taxpayer's tax liability for the year in issue would be extinguished. Such a rule would be patently absurd. Reviewed and adopted as the Report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩
2. See also sections 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs.↩, which provide that the cost of commuting to and from work is not deductible.
3. Thus far the Courts of Appeals that havee considered this question have been unanimous in rejecting the notion that the cost of transporting one's personal automobile to the place where one works, even though that automobile is used in the course of that trade or business, is a deductible expense under section 162. Steinhort v. Commissioner, 335 F. 2d 496 (C.A. 5, 1964); Heuer v. commissioner, 283 F. 2d 865 (C.A. 5, 1960), affirming per curiam 32 T.C. 947 (1959); and Smith v. Warren, 388 F. 2d 671 (C.A. 9, 1968). See also United States v. Tauferner, 407 F. 2d 243, 246-247 (C.A. 10, 1969); Sanders v. Commissioner, 439 F. 2d 296 (C.A. 9, 1971); Clarence J. Sapp, 36 T.C. 852 (1961), affirmed per curiam 309 F. 2d 143 (C.A. 5, 1962) and James M. O'Hare, 54 T.C. 874↩ (1970).