ALFRED PATTI and LUCIA PATTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patti v. Commissioner
Docket No. 7868-72.
United States Tax Court
T.C. Memo 1975-107; 1975 Tax Ct. Memo LEXIS 265; 34 T.C.M. (CCH) 521; T.C.M. (RIA) 750107; April 21, 1975, Filed. *265 Lewis R. Wiener, for the petitioners. William E. Saul, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The Commissioner determined a deficiency in petitioners' income tax for the taxable year 1969 in the amount of $395.64. The only question involved is whether petitioners are entitled to deduct the unreimbursed costs of operating an automobile which was partially used by the petitioner in connection with his employment to the extent that such costs exceeded public transportation. FINDINGS OF FACT The parties have filed a stipulation of facts which is incorporated herein by this reference. Petitioners are husband and wife. During the taxable year involved, and at the time of filing the petition herein, they resided in San Mateo, California. They filed a joint income tax return and a joint amended income tax return for the year 1969 with the Service Center in Ogden, Utah. During 1969, Mr. Patti was employed as a sales representative by RCA Global Communications, Inc. In the course of his duties he used his personal automobile to meet with customers and show them around the employer's plant and facilities. Mr. Patti *266 was required, as a condition of his employment, to have his car available at all times. Mr. Patti worked a total of 243 days in 1969. He made client contact on 63 of the 243 days. He used his car and was reimbursed by his employer when client contact was made on a mileage basis of 9 cents per mile for the 63 days. He was paid for mileage measured from his home to his home on those days, as well as for bridge tolls and parking. Mr. Patti was thus reimbursed in the amount of $464.58 for 5,162 miles. Mr. Patti claimed a deduction for the unreimbursed costs commuting to work and parking, less the cost of taking the train for the remaining 180 days as follows: 10,800 unreimbursed miles (60 miles round trip x 180 days)
962 miles x $.07
[1] $ 67.42 9,838 miles x $.10
983.80
Total
$1,051.14
Parking, 180 days x $1.50
270.00
Total
$1,321.14
Less cost of train
268.00
Claimed cost of driving car to work
$1,053.14
Mr. Patti lived one block from the train station and would have taken the train to work but for the fact that his employer required him to provide a car *267 on a daily basis. OPINION The facts in this case are not in dispute. During the taxable year involved, Mr. Patti was employed by RCA Global Communications, Inc. As a condition of his employment, Mr. Patti was required to have an automobile available at his place of work in order that he might call on customers, pick up prospective customers at the airport, and the like. During the days he used his automobile for such purposes, Mr. Patti was reimbursed on the basis of 9 cents per mile for the total mileage driven that day, including the mileage to and from his residence. Petitioners claim that where the taxpayer is required to have available an automobile at his place of work, the situation is analogous to those cases in which the taxpayer used his automobile to transport tools to the job, citing Rev. Rul. 63-100, 1963-1 C.B. 34. This Court had the same question presented in Eugene G. Feistman,63 T.C. 129 (1974). In that case, however, the taxpayer failed to establish that the so-called commuting expenses would not have been incurred had he not been required to have his car at work. In the case now before us, the petitioners have met that burden. *268 The petitioners' sole claim to the deductions is predicated on Rev. Rul. 63-100, as modified by the decision of the Supreme Court in Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973). Earlier decisions of this Court have consistently disallowed the deduction of the automobile expenses incurred by a taxpayer in driving between the taxpayer's residence and his place of business, even though the automobile was thereafter required and used by the taxpayer for the purpose of making business or professional calls. Clarence J. Sapp,36 T.C. 852 (1961), affirmed per curiam 309 F. 2d 143 (C.A. 5, 1962); James M. O'Hare,54 T.C. 874 (1970); Edward J. Drew,T.C. Memo. 1972-161; Robert D. Steele,T.C. Memo. 1960-181; T. K. Lewis,9 T.C.M. 32 (1950). Nothing in Rev. Rul. 63-100 would warrant the adoption of a different rule in this case. During the year 1969, the allowable deduction for the business use of a taxpayer's automobile was 10 cents per mile. Mr. Patti was reimbursed at the rate of 9 cents per *269 mile for the total mileage traveled, including the mileage between his residence and his place of employment on the days that his automobile was used for business purposes. Taking this into account, there is no basis for determining that the allowable deduction at 10 cents per mile for the use of the automobile exceeded the total reimbursement. Accordingly, Decision will be entered for the respondent.
Footnotes
1. The parties erroneously stipulated this figure. The correct amount is $67.34.↩