**Dr. Robert A. BUCCINO and Joan G. Buccino**

v.

**The UNITED STATES.**

No. 152–80 T.

United States Claims Court.

Nov. 15, 1983.

William O.E. Henry, Lakeland, Fla., with whom was Bernard A. Barton, Jr., Lakeland, Fla., for plaintiffs.

Paul Wright, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

SETO, Judge:

During the taxable years of 1975 and 1976 plaintiff,[1] a medical doctor, incurred

---

1. Joan G. Buccino is a party solely due to having filed joint federal income tax returns for

the years in issue with her husband. There-

transportation expenses involving travel between his personal residence and a hospital. On his original tax returns, plaintiff failed to claim a deduction for these expenses. Thereafter, plaintiff timely filed for a refund claiming that the expenses were deductible. The Internal Revenue Service denies the deductibility of these expenses and has refused to grant the plaintiff a refund.

Plaintiff advances the alternate grounds of recovery that (1) plaintiff was entitled to a deduction of the automobile expenses pursuant to section 162(a) of the Internal Revenue Code ("the Code") and (2) the Internal Revenue Service (IRS) failed to exercise its affirmative obligation to fairly administer the income tax laws as required by the Code and by the due process and equal protection guarantees of the United States Constitution. The facts, however, demonstrate that the hospital constituted a regular place of business for the plaintiff. The expenses incurred in traveling between plaintiff's residence and the hospital were, therefore, properly disallowed pursuant to 26 U.S.C. § 262 as personal commuting expenses. Furthermore, the pertinent statutory regulations, revenue rulings, and case law demonstrate that there has been no unequal treatment by the IRS in reaching its decision.

For the reasons stated hereinafter, this court finds that plaintiff is not entitled to the claimed refund and, therefore, the complaint is dismissed.

## FACTS

Plaintiff, a physician specializing in internal medicine and cardiovascular diseases, has at all relevant times maintained his personal residence at 2419 Coventry Avenue, Lakeland, Florida. During the years at issue, plaintiff was a partner at the Watson Clinic ("the clinic"), a general partnership. The clinic is located at 1600 Lakeland Hills Boulevard, Lakeland, Florida, and is situated 4.5 miles from plaintiff's personal residence.

Plaintiff conducts his practice of medicine primarily in his office at the clinic. The particular nature of plaintiff's practice of medicine sometimes requires that some of his patients undergo hospitalization. Although there is no requirement in the medical profession that a doctor be on the staff of a hospital, plaintiff's practice is such that lack of hospital privileges would undermine his medical practice. Plaintiff is a physician on the staff and attends patients at the Lakeland General Hospital ("the hospital"). The distance from the hospital to the clinic is 0.5 miles and the distance from the hospital to plaintiff's personal residence is 4.0 miles. When plaintiff drives from his personal residence to the clinic, he ordinarily drives past the hospital.

In order to maintain staff privileges at the hospital, a physician must uphold the hospital's required standards. Included in these standards is the requirement that an attending physician visit each patient under his care at least once a day. Failure by a physician to respond to his patients' needs as they arise at the hospital is cause for revocation of his privilege to utilize the facilities therein. Plaintiff normally has between two and six patients in the hospital at any given time; however, there are times when plaintiff has no hospitalized patients at all. Plaintiff's daily visits to see his patients vary greatly in duration, lasting anywhere from fifteen minutes to several hours.

In addition to daily visits to attend patients under his care, plaintiff visits the hospital after normal clinic hours, either pursuant to his regular "on-call" status,[2] or in response to emergency situations involving one of the clinic's patients. Plaintiff is not, however, an employee of the hospital and receives no compensation from it. The clinic's patients are billed directly by the

fore, reference is made throughout only to plaintiff Dr. Robert A. Buccino.

2. "On call" status refers to the responsibility of a staff physician, pursuant to section 37 of the hospital's bylaws, to take emergency calls for patients who do not have or cannot obtain a private physician. Plaintiff was usually "on call" one day each month.

clinic for any services rendered by plaintiff at the hospital.

The transportation patterns followed by plaintiff to perform his services at the hospital are varied. On his workday mornings, plaintiff normally drives from his home directly to the clinic; alternatively, he drives to the hospital to visit his patients before proceeding to the clinic. In the evenings, plaintiff either drives directly home, or, alternatively, stops at the hospital before proceeding home. Occasionally, plaintiff makes a trip to the hospital in the middle of his workday. When plaintiff drives to the hospital after office hours, he customarily drives directly to the hospital and returns to his personal residence after taking care of his duties. The trips between plaintiff's residence and the hospital can be characterized in two ways: trips during regular working hours; and trips after regular working hours.

## DISCUSSION

Plaintiff seeks a judgment ordering a refund of $1,464.77 of income taxes assessed against and collected from plaintiff during the taxable years 1975 and 1976. The alternative grounds of recovery adduced by plaintiff are (1) that plaintiff correctly deducted automobile expenses pursuant to section 162(a) of the Code, and (2) that the IRS failed to exercise its affirmative obligation to fairly administer the income tax laws as required by the Code and by the due process and equal protection guarantees of the United States Constitution.

The parties are in agreement that all automobile expenses incurred in connection with the trips directly between plaintiff's personal residence and the clinic are not deductible. The parties are also in agreement that trips between the clinic and the hospital are deductible. It is only the deductibility of expenses incurred in travel between the hospital and plaintiff's residence that is in issue.

■ Section 162[3] of the Code provides that there shall be allowed as a deduction all "ordinary and necessary" expenses paid or incurred during the taxable year pursuant to a trade or business. The Supreme Court has said that "ordinary" as used in section 162(a) of the Code means commonly accepted in the business world and that "necessary" means appropriate and helpful in the course of the taxpayer's trade or business. *Welch v. Helvering,* 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933). Included in "ordinary and necessary" expenses are traveling expenses incurred while away from home in pursuit of a trade or business. 26 U.S.C. § 162(a)(2). Deeply ingrained in the whole tax structure, however, is the basic proposition that the cost incurred in traveling between one's home and one's place of business is a nondeductible personal expense. *Steinhort v. Commissioner,* 335 F.2d 496 (5th Cir.1964). *See* 26 U.S.C. §§ 162(a)(2); 167(a)(1), (a)(2); 212(I); 262.

Section 262 of the Code provides an exception to the "ordinary and necessary" rule. Section 262, in pertinent part, states "except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." This court is not aware of any section of the Code which expressly provides for the deductibility of commuter expenses. Treasury Regulations specifically provide that the taxpayer's costs of commuting to his place of business or employment are personal, and therefore nondeductible expenses. *See* Treasury Regulations §§ 1.262–1(b)(5); 1.162–2(e); 1.62–1(g).

**3.** Internal Revenue Code of 1954 (26 U.S.C.): Sec. 162. Trade or Business Expenses [as amended by Sec. 4(b), Revenue Act of 1962, Pub.L. No. 87–834, 76 Stat. 960].

　(a) *In general.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \*

　(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. . . .

Plaintiff erroneously asserts that the test applicable here is identical to the test for transportation; specifically, whether the expense of his commuting is: (1) ordinary and necessary *and* (2) in pursuit of business. If this assertion were correct, all commuting would give rise to deductible transportation expenses since commuting is an ordinary and necessary expense for people driving to work and is in pursuit of business. Plaintiff fails to recognize that disallowance of commuting expenses is a well-recognized exception.

The personal nature of commuting costs is a long-established principle of tax law. Given that a taxpayer's choice of residence is based upon a variety of personal considerations, and that his choice determines the cost of traveling to his place of employment, it follows that these expenses are personal to the taxpayer. These personal expenses do not qualify for a deduction from income tax in the interests of fairness, equity, and practicality.

The Supreme Court considered this point in *Commissioner v. Flowers,* 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946). Taxpayer therein sought to deduct his expenses incurred in traveling from his home in Jackson, Mississippi, to his employer's main office (and the taxpayer's principal place of business) in Mobile, Alabama. The Supreme Court ruled that the costs attributable to traveling between Jackson and Mobile were governed entirely by the taxpayer's choice of residence, and thus wholly personal.

The view that expenses incurred in traveling between one's residence and one's regular place of business or employment are personal, and therefore nondeductible commuting expenses, has been repeated regularly and applied to a variety of situations. *See Steinhort v. Commissioner,* 335 F.2d 496 (5th Cir.1964); *Norwood v. Commissioner,* 66 T.C. 467 (1976); *O'Hare v. Commissioner,* 54 T.C. 874 (1970).

Plaintiff maintains, however, that the hospital is not a regular place of his business or employment because he is not an employee of the hospital. Employment,

however, is only one factor to consider. Here, considering all the relevant facts and circumstances, it is clear that the hospital is an integral and regular place of taxpayer's business.

Plaintiff was bound to know that his particular practice required access to facilities that were available only at the hospital. Plaintiff was further bound to know that admission to the hospital's staff would require compliance with the hospital's rules regarding daily visits and "on-call" duties. These requirements must be considered in conjunction with the facts that (1) plaintiff normally maintained two to six patients at the hospital at any given time, and (2) plaintiff would (and did) receive numerous emergency calls, which were unpredictable as to the particular day, but certain to occur over a substantial period of time.

The pattern of plaintiff's travel also establishes the hospital as an integral part of his business. Plaintiff's erroneous assertion that he is entitled to deduct expenses attributable to travel between his home and the hospital while en route to or from the clinic would, if correct, give rise to the result that a commuting trip of four and one-half miles in length becomes a business trip when a stop at the hospital intervenes one-half mile from plaintiff's destination. It is here that plaintiff argues that the expense is ordinary and necessary and is for the business purpose of treating patients, and the fact that the trip may serve the dual purpose of commuting is irrelevant. Case law, however, does not support this argument. *See Andrew W. Shea,* 48 T.C.M. (P–H) ¶ 79, 303 (1979); *Jasper H. Arnold,* 47 T.C.M. (P–H) ¶ 78, 465 (1978); *Steinhort v. Commissioner,* 335 F.2d 496 (5th Cir.1964); and *Sapp v. Commissioner,* 36 T.C. 852 (1961), *aff'd per curiam,* 309 F.2d 143 (5th Cir.1962). In *Sapp v. Commissioner,* the Tax Court held that a physician, who regularly visited a hospital (at which he was a staff member) while driving between his home and his office (where he had the major part of his practice), incurred only commutation expenses. Thus, the first and last trips of plaintiff's regular workday,

regardless of their origin or destination, were likewise in the nature of commuting, and the costs attributable thereto were entirely personal.

Taxpayer's expenses incurred in after-hour trips from his personal residence to the hospital similarly constitute nondeductible expenses. While the majority of the trips were in response to emergency calls that occurred at unpredictable hours, the travel was regular and recurrent. *See Robert A. Gwinner,* 44 T.C.M. (P–H) ¶ 75, 270 (1975), where the Tax Court held that travel expenses incurred by a doctor in connection with the use of his automobile for making trips to the hospital on emergency calls occurring at other than regular business hours were nondeductible. Since it has been determined that the hospital is an integral part of plaintiff's business, his expenses in traveling between his residence and the hospital are therefore nondeductible commuting expenses regardless of the reason for the trip.

Plaintiff has also made the erroneous contention that the IRS has unfairly administered the income tax laws by disallowing plaintiff's claimed deduction while at the same time excluding from the incomes of IRS agents reimbursement payments they received for transportation expenses, thus allowing such employees the functional equivalent of a deduction. Plaintiff contends that this treatment mandates, according to plaintiff's espoused equal-treatment theory, that he is entitled to a refund of his income taxes attributable to similar business expenses.

■ In considering this contention, it must be remembered that the sole issue in this case is the deductibility of a medical doctor's transportation expenses. This issue has nothing whatsoever to do with the reimbursement policy utilized by the IRS regarding transportation expenses incurred by its employees while performing their official duties. Like any employer, the IRS must promulgate policies governing its own internal operations and must ensure that its policies comport with all applicable laws and governmental regulations. In addition, the IRS is not responsible, *qua* employer, for the manner in which its employees prepare their individual income tax returns. However, the commissioner of the IRS has an affirmative obligation to fairly and uniformly administer the tax statutes so as not to discriminate between taxpayers similarly situated. *United States v. Kaiser,* 363 U.S. 299, 308, 80 S.Ct. 1204, 1210, 4 L.Ed.2d 1233 (1960); *International Business Machines Corp. v. United States,* 170 Ct.Cl. 357, 343 F.2d 914 (1965).

■ It must first be considered whether or not the nonreporting of reimbursement allowances is the equivalent of a deduction. Although the two methods do not achieve the identical result, they do appear to be functional equivalents. When a deduction is allowed for an expense, the amount of the expense is subtracted from the gross income, thereby reducing taxable income by the full amount of the expense. In a reimbursement situation the amount of the expense paid by the taxpayer is not generally deductible, since the amount of the reimbursement or allowance is not included in gross income in the first instance. By not including the amount of the reimbursement (which for purposes of discussion can be considered equal to the amount of the deduction) in income, the effect is the functional equivalent of including the reimbursement in income and then deducting it.

In order to maintain fair treatment among similarly situated taxpayers, therefore, if a deduction is allowed, the reimbursement allowance should not be included in income. If a deduction is not allowed, then the reimbursement allowance should be included in income.

Certain regulations and revenue rulings regarding transportation expenses provide for the exclusion of reimbursement payments from taxable income. These rules, however, apply to situations factually distinguishable from the case at hand.

Treasury Regulation § 1.162–17 states in part:

(a) The purpose of the regulations in this section is to provide rules for the report-

ing of information on income tax returns by taxpayers who pay or incur *ordinary and necessary business expenses* in connection with the performance of services as an employee.... [Emphasis supplied.]

(b)(1) The employee need not report on his tax return ... expenses for travel, transportation, entertainment, and similar purposes paid or incurred by him solely for the benefit of his employer for which he is required to account and does account to his employer and which are charged directly or indirectly to the employer ... or for which the employee is paid through advances, reimbursements, or otherwise, provided the total amount of such advances, reimbursements, and charges is equal to such expenses.

It is important to note that this regulation provides for the non-reporting of reimbursements for expenditures which would otherwise meet the (1) "ordinary and necessary" and (2) "business purpose" tests of section 162. The issue in the case at bar does not fall in this category. Plaintiff's expenses are incurred while commuting and, as discussed above, are therefore subject to different rules than are "ordinary and necessary" expenses.

Revenue Ruling 371, 1959–2 C.B. 236, and Revenue Ruling 190, 1953–2 C.B. 303, provide that, in all cases where the employer in good faith considers the employee's assignment to the particular project to be *temporary* in nature, reimbursement allowances do not constitute wages for federal employment tax purposes nor for the purposes of withholding of income tax. Here, plaintiff's workplace, the hospital, is not a temporary, but rather a permanent place of business. Since these rules apply to different situations, the question of unequal treatment cannot arise.

Moreover, there are cases which support the conclusion that reimbursements of expenses incurred in connection with commuting *are* included in income. In *Charles H. Cullen,* 43 T.C.M. (P–H) ¶ 74, 143, (1974) the taxpayer attempted to exclude payments for "disproportionate travel time" on the basis that the payments were to recompensate him for the job-related expense of transporting himself to his work site. The court held that the expenses for traveling between the residence and place of employment were personal; therefore, reimbursement was includable in taxable income. Although the edicts of the company indicated that "disproportionate travel time" was treated as time worked and compensated accordingly, the employer's method of payment could not convert the act of what was otherwise commuting into the carrying on of a trade or business for tax purposes. See also, *Robert F. Deming,* 41 T.C.M. (P–H) ¶ 72, 163 (1972). Therefore, plaintiff's arguments of unfair and/or unequal treatment are not justified.

## CONCLUSION

For the reasons expressed in this opinion, this court finds that the Lakeland General Hospital constitutes a regular workplace for plaintiff. Therefore, the Internal Revenue Service properly withheld the claimed refund and has not unfairly administered the income tax laws. Consequently, this court finds in favor of defendant and the complaint is to be DISMISSED.